## C. E. Wheelock & Co. v. H. W. Fisher.

1. CONTRACTS—*Construction of the Words " All Wheels Returned or Taken Back, Either in Exchange for New Wheels or for Any Other Reason."*—Under a contract for commissions to be paid a general manager of sales of a bicycle department, which provided that the commissions should be computed on the gross sales, after deducting " all wheels returned or taken back, either in exchange for new wheels or for any other reason," *held,* that the words " wheels returned or taken back " referred to wheels which had once belonged to the employer and had been sold by it, and were returned to or taken back by the employer. Those words do not authorize any deduction from the gross sales for wheels made by others, which never before belonged to the employer, but are by the general manager, by consent of his employer, taken as part payment for new machines sold.

2. SAME—*Construction of a Particular Contract.*—Under said contract, when wheels either returned and taken back or exchanged, were sold again, the general manager was entitled to commissions on said sales, and this notwithstanding a further provision, that the general manager should bear half the losses and have half the profits on all sales of wheels either returned or taken in exchange.

3. SAME—*Duty of Courts to Enforce Contracts as Made.*—Courts can not make a new contract for the parties, even though it would be wiser for one party, but must enforce the contract the parties have made, and in case of doubtful meaning, may adopt the construction the parties put upon it while its execution was incomplete.

Assumpsit.—Appeal from the Circuit Court of Peoria County; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901.

JOSEPH A. WEIL, attorney for appellant.

ELLWOOD, MEEK & LOVETT, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court. This is an action of assumpsit brought in the court below by Fisher against C. E. Wheelock & Co., a corporation, to recover a balance claimed to be due Fisher upon a written contract between the parties. Defendant pleaded the general issue, and gave notice of a set-off claimed to be due it under the same contract. After a jury trial was begun, the jury was waived. There was a finding and a judgment for plaintiff for $416.98, from which defendant appeals.

The contract sued upon was dated January 6, 1899, and was to continue in force for one year, and plaintiff served defendant thereunder for the year. The portions of the contract important to this suit are as follows:

"The parties of the first part agree to employ the party of the second part as manager of sales of their bicycle department and agree to compensate him for his services on the following basis: on all sales amounting to nine thousand dollars ($9,000), five per cent commission. If, however, by reason of the efforts of the party of the second part the amount of sales of said department should be twelve thousand dollars ($12,000), the commission is to be seven and one half per cent; and if the entire sales should amount to fifteen thousand dollars ($15,000) or over, by reason of such efforts, the compensation is to be ten per cent on all wheels sold at retail by the firm of C. E. Wheelock & Co. It is further agreed that should the amount of bicycle sales of the firm of C. E. Wheelock & Co. fall between the amounts and figures named heretofore, the compensation is to be in the same proportion as the relative difference between the amounts of gross sales and the different rates of compensation heretofore named. It is agreed that in computing sales, that all wheels returned or taken back, either in exchange for new wheels or for any other reason, are to be deducted from the gross amount of sales; that all sales are to be approved by the parties of the first part; that any and all profits or losses sustained in selling wheels returned or taken in exchange, are to be borne equally between the two parties herein named. Also that any case of deductions on prices, free allowances of sundries or other concessions made by the party of the second part in effecting sales, is to be borne equally by the two parties heretofore named."

We are of opinion, in ascertaining the sums upon which plaintiff's percentages were to be computed under this contract, bicycles which had once belonged to Wheelock & Co. and which were returned or taken back, either in exchange for new wheels or for any other reason, are to be deducted from the total sales, and plaintiff is to recover no percentage upon such wheels so returned or taken back. On the other hand, where other wheels which never before had belonged to Wheelock & Co. were taken in part payment for a new wheel, with the approval of both plaintiff and

defendant, as the contract requires, they are not to be deducted, but the sale of the new wheel is to be treated as a cash sale.   They must be assumed to have been worth in cash the amount at which both the plaintiff and defendant agreed they should be taken, and they then became the property of Wheelock & Co., and such sales of new wheels are to be treated under the contract as cash sales.   Then if these other wheels so taken in exchange were afterward sold, they were sales under the contract just as much as any other sales of wheels kept for sale by Wheelock & Co.; and the contract provides plaintiff is to have commissions on all sales except where the wheel sold was one that had been returned or taken back.   Wheels were not "returned or taken back" unless they had previously belonged to and been sold by Wheelock & Co.   Plaintiff is entitled to a commission on such sales of other wheels taken in exchange and not previously owned by Wheelock & Co., because the contract so provides.   If the parties had intended plaintiff should only have a commission on new wheels, they would have said so in their contract.

The provision about profits and losses applies both to their own wheels returned, and to other wheels taken in exchange at a price agreed to by both plaintiff and defendant.   If wheels either returned or taken in exchange were afterward sold at a loss, plaintiff was to bear half the loss. If sold at a profit, plaintiff was to receive half the profit.   The provision that he should bear half the losses offset the allowance to him of half the profits.   Plaintiff did not charge a commission on such sales when made at a loss, but did on such wheels when sold at a profit, and such is the provision in the contract.   It may be it would have been wise for Wheelock & Co. to have insisted upon the insertion of a provision in the contract that plaintiff should not have any commission on sales of old machines sold at a profit; but we can not know plaintiff would have agreed to a contract thus drawn.   We can not insert a provision to which the parties did not agree.   We can not make a new contract for them on that subject, even if this provision in the contract

the parties did make, seems a hardship to Wheelock & Co.
The court below construed the contract as we have done,
and the proof shows that was the construction the officers
of Wheelock & Co. put upon it till after the year expired.
The rulings of the court below upon propositions of law,
and its computation of the amount due, were in harmony
with this view of the contract.

Eight days before the end of plaintiff's year, Wheelock &
Co. sold seventy-eight second-hand wheels at a loss to a
relative of an officer of Wheelock & Co. The court below
held this was not a genuine sale, but colorable only, and not
to be treated as a sale at a loss in the computation in this
case. We think the proofs sustain that conclusion, and that
this was done merely for the purpose of a settlement with
plaintiff, and that Wheelock & Co. retained control of said
wheels.

The judgment is affirmed.